COMMON PLEAS

No. 463

STATE v. PETERS

Ohio Common Pleas, Portage County

No. 2068. Decided ——— 1924

233. CRIMINAL LAW—(1) Demurrer sustained to indictment, under 17-1 GC., charging city official with employing labor for more than 48 hours a week in a city waterworks plant—Sec. 17-1 held not to apply to work in said plant.

2. Sec. 17-1 GC. forbidding one to "require" or "permit" labor on public work for more than 48 hours a week held to provide for two offenses, and indictment for both objectionable for duplicity.

COLE, J.                      Epitomized Opinion
. Published Only in Ohio Law Abstract

The Grand Jury returned an indictment against the defendant, W. F. Peters, then being the director of public service of the city of Akron, whose duty it was to direct the services of workmen engaged in a public work, namely, the waterworks plant of the city of Akron, located in Portage county, charging that he "did unlawfully require and permit a workman to labor on said public work during a period of more than 48 hours in one calendar week."

To this indictment defendant filed a general demurrer contending (1) that the use of the words "require" and "permit" constituted duplicity, that defendant should have been charged with only one and not both offenses; (2) that the indictment failed to aver that the city of Akron was a municipal corporation, for and on whose account the services of the workman were required; (3) that the service of a workman in a waterworks plant is not a public work and that if 17-1 GC. on which this indictment was based, applies to waterworks plants, it violates the 14th amendment of the U. S. Constitution by depriving a person of property without due process of law. Held:

1. Sec. 17-1 GC. provides for two separate offenses, one to "require" and the other to "permit" an employe to work more than 48 hours a week. That being true, the indictment is open to the objection of duplicity. On that ground, the demurrer is sustained.

2. The court will take judicial notice that there is a municipal corporation in the state called Akron. Since the city itself is not charged with anything, the words used are merely descriptive and are sufficient. On this point, the demurrer is overruled.

3. Provisions in state constitutions and statutes limiting the number of hours of labor of state employes when engaged in purely governmental enterprises are constitutional. The operation of a waterworks is of a proprietory nature. See 109 OS. at 160. 17-1 GC. does not specifically declare its intent to apply to proprietory matters. Hence it may be presumed that it was intended to apply to purely governmental matters only. Therefore the statute has no application to work of the kind involved in this case and for that reason the demurrer as to this contention is sustained.

Attorneys—C. C. Crabbe, Atty. Gen , Columbus. A. L. Heisler, Pros. Atty., Akron, Arthur H. Weicks, Akron, special counsel, for State; H. M. Hagelbarger; Director of Law, Akron, for Peters.